FILED
NOV 02 2026
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND**

RACHEL HUSSEY, Plaintiff,

v.

RONALD CAVALLARO; PAUL KING, Chief of CCRI Campus Police; KARA DiPAOLA; SYBIL BAILEY; ALIX OGDEN; MADDIE JOSEPHS; DAN LEIGHTON; JO-ANN ALBRO; LOLITA VILLANUEVA; TIFFANY JONES; ELIZABETH DEL SESTO; SUZANNE CARR; SHANNON KORZENIOWSKI; CRYSTAL BERGANTINE, NEARI Representative; and JOHN DECUBELLIS, NEARI Attorney, Defendants, all in their official and personal and/or individual capacities.

Civil Action No. ____________________

# COMPLAINT AND REQUEST FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiff Rachel Hussey, pro se, hereby files this Complaint and states as follows:

## Factual Allegations

1. Plaintiff has worked for CCRI since April 21, 2024, supporting the occupational therapy, physical therapy, and massage programs at the Newport campus. Her formal job title and department are Higher Education Administrative Assistant I under HARS; Allied & Rehab Health Department.
2. In approximately fall 2024, Plaintiff raised concerns involving disability access and the use of a former single-user restroom as a lactation room.
3. Plaintiff requested a disability accommodation involving restoration of a toilet in that room. CCRI advised her that relocating the lactation room to restore the toilet would impose an undue hardship.
4. Plaintiff reported the accessibility issue to the Rhode Island Governor's Commission on Disabilities. According to information communicated to her, the Commission found that the lactation room could not accommodate a wheelchair and needed relocation to an accessible room.
5. Plaintiff understood these circumstances to raise concerns about possible waste, mismanagement, and disability-access violations.
6. Plaintiff alleges that CCRI personnel thereafter retaliated against her, including in connection with Suzanne Carr and the dividers issue, and Shannon Korzeniowski and the eavesdropping issue. Suzanne Carr, Plaintiff's department chair, pursued disciplinary proceedings against Plaintiff based on a complaint by Shannon Korzeniowski, who claimed she heard Plaintiff say things from inside her office. Plaintiff alleges that Korzeniowski was in fact eavesdropping from around the corner in the hallway and falsely described what Plaintiff said. That complaint was never corroborated, and Plaintiff was not penalized. Plaintiff also raised concerns about campus security and safety, including broken safe zones, non-functioning cameras, and the arming of campus police.

7. CCRI placed Plaintiff on paid administrative leave beginning July 1, 2026. Defendant Dan Leighton, CCRI HR Manager, escorted Plaintiff off campus that day. The reasons initially communicated concerned scheduling and allegations that she had not performed work as directed.
8. CCRI later raised allegations about purchases it considered unauthorized and items it claimed were missing. Those were not the reasons initially communicated when Plaintiff was placed on leave. Defendant Maddie Josephs, Plaintiff's direct supervisor, trained Plaintiff in her duties and authorized most of Plaintiff's purchases. In connection with the disciplinary process, Defendants Jo-Ann Albro, Lolita Villanueva, Elizabeth Del Sesto, and Tiffany Jones submitted witness statements that misquoted Plaintiff. Plaintiff has a recording of the event that contradicts those statements.
9. On or about September 11, 2026, CCRI campus police, including Chief King, contacted Plaintiff and requested permission to visit her personal residence to discuss allegedly missing items. Plaintiff agreed to the requested visit.
10. Plaintiff's union advised her to obtain criminal defense counsel. She retained counsel, who informed her that he communicated with Chief King for approximately one to two weeks about the disputed purchases and allegedly missing items.
11. Plaintiff has received no confirmation that the earlier criminal allegations or investigation have been closed.
12. Plaintiff is concerned that statements she makes at the disciplinary hearing could be used in a criminal investigation. Plaintiff reports that Crystal Bergantine, a NEARI representative, told her by telephone that statements at the Loudermill hearing could have criminal implications.
13. Plaintiff alleges that threats of criminal consequences have been used against her. Plaintiff's concern about further possible threats is a concern about future conduct, rather than an allegation that every possible threat has occurred.
14. CCRI originally scheduled Plaintiff's Loudermill disciplinary hearing for October 19, 2026. On Plaintiff's understanding, Defendant Alix Ogden was to preside over or mediate that hearing. Plaintiff appeared for the hearing. Plaintiff had not received CCRI's evidence in advance and needed time to review it. When this became apparent, despite CCRI denying Plaintiff's request the prior week to reschedule to a later date, Ogden and the administrators present left the room. Crystal Bergantine also stepped out, returned, and then told Plaintiff that the hearing would not go forward that day and that Plaintiff would instead receive CCRI's evidence. CCRI did not provide all of its evidence that day; it supplied additional evidence over the following weeks. Plaintiff has not had access to her CCRI email account at any time before the rescheduled hearing. CCRI rescheduled the Loudermill disciplinary hearing for Monday, November 2, 2026, at 12:00 noon Eastern Time, concerning matters overlapping with the campus-police investigation.
15. Plaintiff brought concerns about the disciplinary process and overlapping investigation to CCRI's counsel.
16. Plaintiff requested permission for a member of the public or an emotional support person to attend. As of preparation of this complaint, those requests have not been granted.
17. Plaintiff asked her union representative to raise her defense that no applicable rule violation had been identified and to raise her concerns regarding campus-police conduct. Plaintiff alleges the representative declined.

18. Plaintiff alleges that participating union representatives knowingly assisted a coordinated effort to frame her for misconduct and facilitate retaliatory discipline.
19. Plaintiff characterizes the alleged coordinated misuse of institutional authority as the operation of a criminal enterprise against her. She seeks civil relief here for the specific constitutional violations pleaded, rather than a criminal conviction.

## Count I

Violation of Constitutional and other Rights of a United States and Rhode Island Citizen under color of law including, but not limited to, the right to due process, the right to ethical conduct of public officials, and the right not to be deliberately falsely accused by a State Community College police department in order to deprive me of my state job in collusion with the HR department and others named in this complaint.

As further evidence, see attached exhibits, hereby incorporated by reference.

## Count II

RI Civil Rights Act

## Count III

Defamation

## Count IV

Breach of Contract

## Count V

Breach of obligation of good faith

## Count VI

Mission of the CC as a college being run using federal resources as well as state resources to retaliate against an employee in violation to even the RI right to be free of discrimination, as found in the RI constitution & elsewhere.

## Count VII

The Racketeer Influenced and Corrupt Organizations Act (codified at 18 U.S.C. §§ 1961–1968)

## Prayer for Relief

And all other available relief federal, state or otherwise, which may pertain to this matter which is being submitted on an emergency basis. I hereby ask this honorable court for all relief as shall be available, including but not limited to an injunction in order that the defendants cease and desist their illegal or otherwise retaliatory actions, such that I do not even feel safe setting foot on campus at this point, given what has already transpired.

Respectfully submitted,

R. Hussey

Rachel Hussey, Plaintiff, pro se

Address: 35 UPDIKE AVE
N. KINGSTOWN, RI 02852

Telephone: 401-835-6396

Email: Hussey.rachel@gmail.com

Date: November 2, 2026